UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN   RE:    JULIE   SATTERFIELD-
PRICE aka Julie S. Price aka
Julie Price

          Debtor.

---

JULIE SATTERFIELD-PRICE

          Appellant,

v.                                    Case No: 2:13-cv-501-FtM-29
                                      Bankr. No. 9:12-BK-11704-FMD
                                      Adv. No. 9:12-ap-00152-FMD


JON DOUGLAS PARRISH,

          Appellee.

---

## OPINION AND ORDER

This matter comes before the Court on an appeal from the Bankruptcy Court's May 21, 2013, Order Granting Summary Judgment (Doc. #1-2; Adv. Doc. #26)[1]. Appellant Julie Satterfield-Price (appellant or Satterfield-Price) filed her Amended Initial Appellate Brief of Appellant (Doc. #6) on July 30, 2013; appellee Jon Douglas Parrish (appellee or Parrish) filed his Appellee Brief (Doc. #10) on September 9, 2013; and appellant filed her Reply

---

[1] The Court will hereinafter cite documents filed with the District Court as "Doc.", documents filed in the Bankruptcy case as "Bankr. Doc.", and documents filed in the Adversary Proceeding as "Adv. Doc.".  Copies of the relevant documents are included in the record transmitted by the Bankruptcy Court or otherwise available through PACER and judicially noticed.

Brief (Doc. #13) on October 3, 2013. The sole issue is whether the Bankruptcy Court properly granted summary judgment concluding that the debt owed to Parrish was nondischargeable in bankruptcy.

## I.

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. 28 U.S.C. § 158(a); In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993). The legal conclusions of the bankruptcy court are reviewed de novo, while findings of fact are reviewed for clear error. In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009). This appeal arises from the resolution of a motion for summary judgment, and these legal principles are also well established. Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). The entry of summary judgment involves no findings of fact and therefore a summary judgment ruling is reviewed de novo. In re Optical Techs., Inc., 246 F.3d 1332, 1334-1335 (11th Cir. 2001).

## II.

In April 2007, Julie S. Parrish, now known as Julie Satterfield-Price, and Jon D. Parrish dissolved their marriage pursuant to a Final Judgment of Dissolution of Marriage, which incorporated a Marital Settlement Agreement. (Doc. #1-6, Exh. 1, p. 15, ¶ F(i).) The Marital Settlement Agreement required the parties to share decision-making responsibilities and information impacting their minor children, including education. (Id. at ¶¶ F(ii), (iii).) Parrish was awarded full custody of the two minor children, and the third child was no longer a minor during the child custody litigation. (Doc. #1-7, p. 2.) Acrimonious child custody proceedings commenced, which eventually led to an Omnibus Order entered by the state court imposing unspecified amounts of attorney fees and costs against Satterfield-Price in favor of Parrish. In February, 2012, the attorney fees and costs in favor of Parrish were stipulated to be $135,000 by Satterfield-Price, and a final judgment in that amount was entered.

On July 31, 2012, Satterfield-Price filed a Chapter 13 Voluntary Petition (Doc. #1-5) and a proposed Chapter 13 Plan (Bankr. Doc. #2). Parrish filed a Proof of Claim (Doc. #1-6) in the amount of $135,000, plus interest. Parrish later filed an Objection (Bankr. Doc. #18) and Amended Objection (Bankr. Doc. #31) to the confirmation of the Plan.

On December 13, 2012, Parrish filed an adversary Complaint (Doc. #1-6; Bankr. Doc. #30) seeking a determination that the $135,000 debt, plus interest, was nondischargeable in bankruptcy because it was a domestic support obligation within the meaning of 11 U.S.C. § 523(a)(5).  (Doc. #1-6, ¶ 3.)  After a motion to dismiss was denied, Satterfield-Price filed her Answer and affirmative defenses.  (Adv. Doc. #15.)

On May 2, 2013, Satterfield-Price filed a notice of voluntary dismissal of her Chapter 13 Petition, to which Parrish filed an objection and motion to convert the case to a Chapter 7 case. (Bankr. Docs. ## 59-60.)  On May 15, 2013, the Bankruptcy Court heard arguments on the motion for voluntary dismissal of the Chapter 13 case and the motion for summary judgment.  (Doc. #1-11.)  The Bankruptcy Court orally granted the motion to dismiss the Chapter 13 case, and exercised its discretion to retain jurisdiction over the adversary proceeding as allowed by In re Morris, 950 F.2d 1531 (11th Cir. 1992).  The Bankruptcy Court also granted summary judgment finding that under § 523(a)(5) the debt was nondischargeable.  (Doc. #1-11, p. 17.)

On May 16, 2013, the Bankruptcy Court entered a written order dismissing the Chapter 13 case and retaining jurisdiction over the adversary proceeding.  (Bankr. Doc. #68.)  On May 21, 2013, the Bankruptcy Court entered a written order granting Parrish's motion for summary judgment.  (Doc. #1-2.)  Parrish's request for

attorney's fees was denied without prejudice to the state court considering whether Parrish was entitled to attorney's fees for the bankruptcy litigation.  (Doc. #1-2; Adv. Doc. #26.)

Satterfield-Price filed a timely Notice of Appeal (Doc. #1-1) on June 4, 2013.

## III.

In a Chapter 13 bankruptcy, a debtor can discharge most of her debts after she completes her bankruptcy plan payments. 11 U.S.C. § 1328.  A discharge under Chapter 13 "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2).  A discharge cannot be obtained, however, "for a domestic support obligation" under 11 U.S.C. § 523(a)(5).  In re Diaz, 647 F.3d 1073, 1089 (11th Cir. 2011)("Thus, [11 U.S.C.] § 1328 indicates that a debt of the kind specified in § 523(a)(5) is not discharged by the bankruptcy court's discharge order in a Chapter 13 case."); In re Benson, 441 F. App'x 650, 651 (11th Cir. 2011).  The Bankruptcy Court found the $135,000 debt to Parrish was a "domestic support obligation" and therefore not dischargeable in bankruptcy.  Whether a pre-petition debt is a domestic support obligation is a legal conclusion which is reviewed de novo.  In re Strickland, 90 F.3d 444, 446 (11th Cir. 1996).

Satterfield-Price argues that summary judgment was improper because there were disputed issues of material fact as to whether the debt was a non-dischargeable domestic support obligation or a dischargeable sanction by the court, and in any event, the Bankruptcy Court misapplied the law.  Satterfield-Price filed an Affidavit from her state court attorney with the Bankruptcy Court attesting that none of the fees, costs or other monies awarded to Parrish were in connection with any litigation over child support, alimony, or other issues of support or maintenance.  (Doc. #1-9.)

The debt at issue is based upon the state court Omnibus Order and the resulting Final Judgment.  Therefore, the Court begins by examining those documents in some detail.

**A.  State Court Omnibus Order**

On February 3, 2012, the Honorable Lauren L. Brodie, Collier County Circuit Court Judge, issued a thirty-four page Omnibus Order (Doc. #1-6, pp. 6-39) making various findings of fact and ruling on seventeen pending matters and motions.  As relevant, those findings and rulings are summarized as follows:

1. Reservation of Fees and Costs in February 10, 2011 Order (Order #1) and the June 17, 2011 Order:  Judge Brodie allocated a portion of the costs and fees related to the parenting evaluation by Dr. Carter, which Parrish had been required to pay, to Satterfield-Price because her conduct greatly increased the cost; found that Satterfield-Price's conduct constituted

contempt of the court's prior orders; and awarded Parrish attorney's fees for prosecution of the issue in an amount to be determined later.

2. Reservation of Fees and Costs in February 10, 2011 Order (Order #2):  Judge Brodie awarded costs and fees to Parrish related to the appointment of a person to perform a needed educational evaluation of a minor child, and attorney's fees incurred in pursuit of an Order for the educational evaluation, in an amount to be determined later.

3. Reservation of Allocation of Fees and Costs in July 5, 2011 Order to Show Cause:  Judge Brodie found that Parrish was entitled to attorney fees and costs, including the additional costs incurred as a result of Satterfield-Price's misconduct in connection with the transportation of a minor child to Dr. Carter for a parental evaluation, in an amount to be determined later.

4. Reservation of Fees and Costs in August 4, 2011 Order and Ninth Emergency Motion for Contempt and Injunctive Relief:  Judge Brodie enjoined Satterfield-Price from continuing to communicate with the minor children about the litigation and granted Parrish's request for attorney's fees and costs incurred for pursuing the motion, in an amount to be determined later, and reserved jurisdiction as to the allocation of Guardian Ad

Litem fees.  Satterfield-Price was also found in contempt of the court's previous orders.

5. Reservation of Allocation of Attorney Fees For Attorney Representing Guardian Ad Litem:  Judge Brodie apportioned fees paid by Parrish and entered judgments against Satterfield-Price and in favor of counsel for the Guardian Ad Litem and of the Guardian Ad Litem in specific amounts, and reserved jurisdiction to determine at a later date the amount of Parrish's fees incurred for filing the motion for allocation.

6. Tenth Motion for Contempt:  Judge Brodie found Satterfield-Price in contempt for violation of the Settlement Agreement regarding a minor child's education, and granted Parrish's motion and the request for attorney's fees and costs for pursuing the motion, with the amount to be determined later.

7. Eleventh, Twelfth, and Thirteenth Motions for Contempt:  Judge Brodie denied the motions.

8. Fourteenth Motion for Contempt:  Judge Brodie found Satterfield-Price in contempt for discussing pending litigation with the minor children in violation of previous orders, and awarded Parrish fees and costs for prosecution of the motion, including costs of the Guardian Ad Litem and/or evaluator and Affidavit, with the amount to be determined later.

9. Fifteenth Emergency Motion for Contempt:  Judge Brodie found Satterfield-Price in contempt for violation of a no contact

order, and granted Parrish attorney's fees and costs for prosecution of the motion and Guardian Ad Litem fees incurred, in an amount to be determined later.

10. Emergency Sixteenth Motion for Contempt and Amended Motion for Temporary Custody of Minor Child AP or for Placement with a Third Party:  Judge Brodie granted the motion for temporary custody and for contempt for discussing pending litigation with the minor child, and held Satterfield-Price in contempt for her failure to comply with orders precluding the involvement of the minor child in the litigation and attempting to influence and manipulate the testimony of the minor child.  Parrish was awarded fees and costs for the investigation and prosecution of the motion, in an amount to be determined later.

11. Emergency Seventeenth and Eighteenth Motions to Compel and for Contempt:  Judge Brodie found that Satterfield-Price was in contempt for failure to complete her deposition, and awarded Parrish attorney's fees and costs for the prosecution of the motions, including court reporter fees for the depositions, in an amount to be determined later.

12. Emergency Nineteenth Motion to Compel and for Contempt:  Judge Brodie found Satterfield-Price in contempt in connection with her deposition and granted Parrish attorney's fees and costs for the prosecution of the motion, in an amount to be

determined later, as well as court report fees and videographer fees for depositions in the amount of $615.

Determination of the amount of Parrish's attorney fees and costs was set for hearing.  On April 18, 2012, Judge Brodie issued a largely hand-written Stipulated Final Judgment entering judgment against Satterfield-Price and in favor of Parrish "for attorney fees, expert fees and court costs" in the amount of $135,000, with interest accruing from the date of judgment.  (Doc. #1-6, pp. 40-41.)

**B. Domestic Support Obligation**

Effective October 17, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") amended § 523(a)(5) to delete the subsection's previous verbiage and to simply state that a bankruptcy court may deny a debtor discharge "for a domestic support obligation." Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, § 211, 119 Stat. 23 (2005). The BAPCPA defines "domestic support obligation" as a debt

   (A)   owed to or recoverable by—

         (i)    a spouse, former spouse, or child of
                the debtor or such child's parent,
                legal    guardian,    or   responsible
                relative; or

         (ii)   a governmental unit;

   (B)   in  the  nature  of  alimony,  maintenance,  or
         support  (including  assistance  provided  by  a
         governmental  unit)  of  such  spouse,  former
         spouse,  or  child of the debtor or such child's

parent, without regard to whether such debt is expressly so designated;

(C)   established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

(i)    a separation agreement, divorce decree, or property settlement agreement;

(ii)   an order of a court of record; or

(iii)  a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D)   not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A). The definition thus creates four requirements which must be satisfied for a debt to be a "domestic support obligation." In re Taylor, 737 F.3d 670, 676 (10th Cir. 2013).

There is no dispute that the first, third, and fourth requirements are satisfied in this case. The $135,000 debt was owed to the debtor's former spouse, was established by reason of an order of a court of record, and was not assigned to a nongovernmental entity. The only issue was whether the debt was "in the nature of alimony, maintenance, or support . . . of such . . . former spouse, or child of the debtor . . . without regard

to whether such debt is expressly so designated." 11 U.S.C. § 101(14A)(B).

To fall within this provision, a debt does not literally have to be "alimony, maintenance, or support," but only "in the nature of" those items.  In determining whether a debt is a domestic support obligation, a court looks beyond the label given to a particular debt and determines whether the debt is actually in the nature of alimony, maintenance, or support. Cummings v. Cummings, 244 F.3d 1263, 1265 (11th Cir. 2001).  While this is an issue of federal law, the court is also informed by state law. Id.  "[A] domestic obligation can be deemed actually in the nature of support under § 523(a)(5) even if it is not considered 'support' under state law," but state law can provide guidance in determining whether an obligation constitutes support.  In re Strickland, 90 F.3d at 446 (citing In re Harrell, 754 F.2d 902, 905 (11th Cir. 1985)).

In the more typical situation the debt at issue is the result of an agreement between the parties.  In that situation, a "court conducts a 'dual inquiry' looking first to the intent of the parties at the time they entered into their agreement, and then to the substance of the obligation."  In re Taylor, 737 F.3d at 676 (citations omitted).  Here, the debt was created by court order, with the amount being stipulated by the parties.  As the Sixth Circuit recently stated, "[n]othing in the statute precludes an

attorney's fee award from being treated as 'in the nature of . . . support.'" In re Rugiero, 502 F. App'x 436, 439 (6th Cir. 2012). Rugiero cites to nine circuit courts of appeal which have treated fee awards as "support" payments, including the Eleventh Circuit. Id. See also In re Rogers, 189 F. App'x 299, 302-03 (5th Cir. 2006)(citing cases). The Court agrees, and concludes, that a court ordered obligation to pay attorney fees and costs incurred in child support litigation can be "in the nature of support" and therefore not dischargeable in bankruptcy.

Satterfield-Price argues that the Bankruptcy Court erred in part because it ruled that attorney fees and costs incurred as part of a custody dispute are always a domestic support obligation, and such a brightline approach is contrary to law. The Court finds no such holding in either the Bankruptcy Court's verbal ruling or its subsequent written order. The Bankruptcy Court stated at oral argument: "I'm going to grant the Motion for Summary Judgment . . . and find that the debt is a non-dischargeable support obligation." (Doc. #1-11, p. 17.) The Order Granting Summary Judgment (Doc. #1-2) stated "that the debt owed to John D. Parrish as a result of the Stipulated Final Judgment entered in Collier County Circuit on April 18, 2012 shall be deemed a domestic support obligation as defined in 11 U.S.C. § 101(14A) and 11 U.S.C. § 523(a)(5); .. ." Neither order adopts a brightline approach as asserted by appellant.

The question still remains whether these attorney fees and
costs were in the nature of support.  The First Circuit has stated
that "support payments are, roughly speaking, what is given to
provide for the upkeep of the recipient spouse and children."  In
re Smith, 586 F.3d 69, 73 (1st Cir. 2009)(quoting In re Werthen,
329 F.3d 269, 273 (1st Cir. 2003)).  One of the principal
considerations is the purpose the obligation was intended to serve,
that is, whether the judge intended the award to be for support or
something else.  Smith, 586 F.3d at 73-74.  To discern this
intent, "courts look to a range of factors, including the language
used by the divorce court and whether the award seems designed to
assuage need, as discerned from the structure of the award and the
financial circumstances of the recipients."  Id. at 74 (citation
omitted).

The language of the Omnibus Order is clear that the attorney
fees and costs awarded to Parrish were not sanctions for
Satterfield-Price's various acts of misconduct but were in the
nature of support.  The Omnibus Order allocated and re-allocated
fees and costs for a needed parenting evaluation of a minor child
and transportation of a minor child for a parental evaluation;
awarded the costs and attorney fees involved in bringing various
motions to enforce the ex-wife's obligations in connection with
child custody and education matters; and awarded costs and attorney
fees in connection with bringing motions necessary to complete the

ex-wife's deposition in the child support litigation.  None of the costs and attorney fees were imposed as a sanction for contempt, and all were tied to specific actions taken by Parrish to enforce obligations in connection with child custody and support.  None of the fees or costs set a flat amount intended to be punitive, and the amounts were to be determined in a separate hearing.  Both parties were represented by counsel, and the parties *stipulated* to the amount of attorney's fees in the amount of $135,000, thus obviating the need for a court determination of the relative financial resources of the parties under Fla. Stat. § 61.16(1). The Final Judgment confirms that the amounts were for costs, attorney fees, and expert fees, and were not part of any punitive sanction by the state court.  The Affidavit submitted in opposition does not create any issues of disputed material facts. The intent of the state court is clear from the face of the state court order and final judgment.  Therefore, as the attorney fees and costs were in the nature of support, and summary judgment was appropriate.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   The Order Granting Summary Judgment (Adv. Doc. #26) is **affirmed**.

2.    The Clerk shall enter judgment accordingly, transmit a copy of this Opinion and Order and the Judgment to the Clerk of the Bankruptcy Court, terminate the appeal, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this   20th   day of March, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Caryl E. Delano
Clerk, Bankr. Court
Counsel of Record